# MEMORANDUM

OF

# A CASE NOT REPORTED IN FULL.

JOSEPH F. MOORE, Appellant, *v.* R. LE BARRE
GOODWIN, Respondent.

*Contract to make a crayon portrait which is to be satisfactory to the person ordering it — neither the opposite party nor the jury can decide that he ought to be satisfied with the portrait made.*

APPEAL from an order denying a motion for a new trial made upon the minutes of the justice before whom the action was tried.

The action was brought to recover the amount of a promissory note made by the defendant to the plaintiff, dated May 18, 1882, for fifty dollars. The defendant alleged that the note was given for money advanced by the plaintiff upon an agreement by which the defendant contracted to make for the plaintiff crayon portraits of himself and wife at the price of sixty dollars.

It appears that the portraits were to be made from photographs delivered to the defendant for that purpose, from which he was to advance them as far as practicable, and was to finish them from observations from life. The portraits were to be in all respects, to the plaintiff, satisfactory likenesses of himself and wife, and in case they were not the plaintiff was to be under no obligations to accept and pay for them, and, in that case, the money advanced on the note was to be repaid to him. In December following the defendant brought the portrait to Corning, where the plaintiff lived, and left them at a hotel there, and so notified the plaintiff. The plaintiff on seeing them was not satisfied with them, and in a few days wrote the defendant that they were not such as he had contracted for, and that he declined to receive them and requested immediate payment of the note. The defendant received the letter, but did not answer it, and nothing further occurred about the matter until this suit was begun in September, 1883. The portraits were not completed when left at Corning, nor were they then such as the contract called for. At the close of the defend-

ant's testimony, and again at the close of the entire evidence, the plaintiff's counsel asked the court to direct a verdict in favor of the plaintiff for the amount of the note. The requests were declined and the plaintiff excepted.

The court submitted it to the jury to say whether the plaintiff refused to permit the defendant to proceed to the completion of the pictures, assuming that they were not completed; and he instructed them, in substance, that if the plaintiff did so refuse he could not avail himself of the defendant's non-performance of the contract, provided the pictures were then such as that he would have been required to accept them after they were finished. And he further instructed them, in substance, that the question of refusal depended upon the construction of the plaintiff's letter in view of the circumstances disclosed by the evidence. The plaintiff's counsel excepted to the instruction in the charge that the jury might say that the defendant had made out a right to claim damages on the ground of a breach of the contract caused by the plaintiff.

The General Term, after a careful examination of the case, said: " We are of the opinion that the exceptions above stated were well taken, for the reason that there is no evidence that the defendant requested or proposed to do anything more to the pictures after he left them at Corning, or that the plaintiff refused to permit him to do anything more to them, but that the transaction was simply an offer on the part of the defendant to deliver the pictures as they were then, and a refusal on the part of the plaintiff to accept them. * * *

" The court also charged the jury, in substance, that if the agreement was that the portraits should be satisfactory to the plaintiff, the meaning of that provision of the contract was not that the caprice of the plaintiff should control, but that the painting must be a good one and come up to the standard required; and if it does that, he cannot say by caprice that he will not take it, otherwise there would be no force in contracts. And the charge continued in the following language: 'When a party will say, 'I will not accept it if it is not satisfactory,' it means that the picture must be such that it will come within the contract, and be such as would be required to be satisfactory; and it would be, if it was made as the contract fairly required.'

"Without questioning the accuracy of this charge as applied to certain classes of contracts, we think it is not applicable to the case in hand, so far as it conveys the idea that if the jury think the party ought to have been satisfied he is bound, although not satisfied. We understand that when a person contracts to perform work to the satisfaction of the other party to the contract, and the subject involved is a matter of taste, like the painting of a portrait, the rule is that the person for whom the work is to be done is the sole judge, and if he refuses to accept the work on the ground that it is not satisfactory, his decision cannot be questioned. One of the terms of the contract being that the work shall be satisfactory to him, if it is not so the contract is not performed, and he is not liable. He did not agree to accept what might be satisfactory to others unless it was satisfactory to him, and the contract does not give to the opposite party, or to a jury, nor to any other person, the right to decide whether he is, or ought to be satisfied. These views are sustained by the case of *Zaleski* v. *Clark* (44 Conn., 218), where the work to be done was the making of a plaster bust of the deceased husband of the defendant. In *Gray* v. *The Central Railroad Company of New Jersey* (11 Hun, 70), they were applied in the case of a contract for the purchase of a steamboat, ‘provided upon trial they (the purchasers) are satisfied with the soundness of her machinery, boilers,’ etc. (See, also, the cases there cited in the opinion of DAVIS. P. J., p. 73.) ·

"We question, however, whether this misdirection, if it be one, is ground for setting aside the verdict, inasmuch as it does not appear to have been excepted to at the trial, or to have been made a ground of the motion for a new trial before the trial judge. We have commented upon it in view of the possibility that the case will be tried again.

"Upon the ground first stated herein, the order should be reversed, and a new trial granted, costs to abide event."

*A. Hadden,* for the appellant.

*R. Le Barre Goodwin,* for the respondent.

Opinion by SMITH, P. J.; BARKER and HAIGHT, JJ., concurred; BRADLEY, J., not sitting.

Order reversed, and new trial granted, costs to abide event.